**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

TECHNOLOGY COMMERCIALIZATION )
GROUP, LLC, )
                                            )
              Plaintiff, )
                                            )
                 v. )      1:09CV629
                                            )
ANALYTICON BIOTECHNOLOGIES, AG, )
                                            )
             Defendant. )

**MEMORANDUM OPINION AND ORDER**

On February 2, 2010, the Court notified the parties that this case would be called for an Initial Pretrial Conference on March 18, 2010. (Docket Entry 8.) Under this Court's Local Rules, "[t]he parties [were required to] hold their Fed. R. Civ. P. 26(f) meeting at least 14 days before the scheduled initial pretrial conference and <u>submit to the [C]ourt their report within 10 days thereafter</u>." M.D.N.C. R. 16.1(b) (emphasis added). As to the required report, said Local Rule states: "The parties shall jointly prepare a Rule 26(f) Report (LR 16.2) if they are in agreement concerning a discovery plan for the case. If they do not agree, each shall file a separate Rule 26(f) Report (LR 16.3) setting forth its position on disputed matters." <u>Id.</u>[1] The Local Rule in question makes clear a second time that "[t]he Reports must be filed with the [C]ourt <u>within 10 days of the Rule 26(f) meeting</u>." <u>Id.</u> (emphasis added).

---

[1] The parenthetically-referenced Local Rules 16.2 and 16.3 provide standard forms for joint or separate Rule 26(f) reports that outline the required information. <u>See</u> M.D.N.C. R. 16.2, 16.3. Said rules require that any Rule 26(f) report filed by a party or parties "substantially" follow these forms. <u>Id.</u>

Because the Court set the Initial Pretrial Conference in this case for March 18, 2010, under the foregoing Local Rule, the parties had to hold their Rule 26(f) meeting no later than March 4, 2010 (14 days before the scheduled Initial Pretrial Conference date). Assuming that they met on the last possible day of March 4, 2010, said Local Rule further required the parties to submit their joint or individual Rule 26(f) reports by March 15, 2010 (the first business day following the tenth day after the Rule 26(f) meeting). However, as of mid-day on March 16, 2010, the parties had not filed either joint or individual Rule 26(f) reports. Accordingly, the Clerk's Office made inquiry with the parties' respective counsel by telephone about the missing Rule 26(f) reports. Later that day, the parties filed a Joint Rule 26(f) Report. (Docket Entry 11.)[2]

In that Joint Rule 26(f) Report, the parties represented that they held their required Rule 26(f) conference "on March 3, 2010." (Id. at 1.) The parties did not offer any explanation for their failure to file their Joint Rule 26(f) Report within 10 days after their Rule 26(f) meeting on March 3, 2010 (i.e., by March 15, 2010, the first business day following the 10-day period after March 3, 2010). Further, and more importantly, the parties included several conflicting proposals in their Joint Rule 26(f) Report.

---

[2] As a result of that filing, the Initial Pretrial Conference set for March 18, 2010, was automatically cancelled. Compare M.D.N.C. R. 16.1(c) ("If the parties are unable to reach agreement on a discovery plan and therefore submit separate Rule 26(f) Reports (LR 16.3), they shall appear for the scheduled initial pretrial conference.") with M.D.N.C. R. 16.1(d) ("The scheduled initial pretrial conference is automatically canceled upon the submission to the court of the joint Rule 26(f) Report.").

First, the parties requested that their case proceed along the "Complex" case management track set out in this Court's Local Rule 26.1(a)(2). (Docket Entry 11 at 1-2.) The parties further declared that "Stipulated modifications to the case management track include: none." (Id. at 2.) Under the "Complex" case management track, "[d]epositions are presumptively limited to seven (7) depositions (including any experts) by the plaintiffs, by the defendants, and by third-party defendants." M.D.N.C. R. 26.1(a)(2). Despite the fact that they had elected a case management track that provided for only seven depositions, "including any experts," and that they expressly disclaimed any agreed-upon modification of that limitation, the parties declared later in their Joint Rule 26(f) Report that "the Parties agree to the following depositions: a. Number of fact witness depositions per party: 7." (Docket Entry 11 at 2.)

The only way to harmonize these two aspects of the parties' Joint Rule 26(f) Report would be to conclude that the parties had agreed to take no expert depositions (given that they agreed to a total of seven depositions, "including any experts," and to a total of seven "fact witness depositions per party"). In light of the fact that, elsewhere in their Joint Rule 26(f) Report, the parties set dates for disclosure of expert witnesses and reports (id.), the Court finds it unlikely that the parties intended to foreclose themselves from deposing any expert witnesses.

Another discrepancy is even more stark. Specifically, the parties state: "Date for the completion of all discovery (general

-3-

and expert) is: September 30, 2010." (Id.)  However, on the same page of their Joint Rule 26(f) Report, the parties include the following statement: "<u>Close of Discovery and Non-Dispositive Motions</u>.  Discovery shall be completed and all non-dispositive motions shall be served and filed by November 15, 2010." (Id. (emphasis in original).)  The Court cannot reconcile these two aspects of the parties' Joint Rule 26(f) Report.

As a final matter, the parties propose specific deadlines for service and filing of dispositive motions and for when the case will be "ready" for trial. (Id.).  The form Rule 26(f) reports set out in the Court's Local Rules do not call for such information. See M.D.N.C. R. 16.2, 16.3.  Moreover, the Court's Local Rules automatically set the deadline for filing dispositive motions (at 30 days after the close of the discovery period), M.D.N.C. R. 56.1(b), and provide that, "[w]hile the case is in discovery, the clerk shall establish a trial date and give at least 4 months' notice thereof to the parties," M.D.N.C. R. 40.1(a).

The Court generally grants civil litigants and/or their counsel substantial freedom in structuring the discovery phase of a case through the procedure established by the Court's Local Rules 16.1, 16.2, 16.3, and 26.1.  To function efficiently, however, this approach requires civil litigants and/or their counsel to prepare Rule 26(f) reports thoughtfully and carefully.  The Court appreciates that civil litigants and counsel have many demands upon their time, but the Court must insist that court filings, including

Rule 26(f) reports, be composed with greater care than appears to have occurred in this case.

Accordingly, the Court will order the parties to submit a revised Joint Rule 26(f) Report that reconciles the conflicting provisions discussed above and "substantially" follows the form set out in the Court's Local Rule 16.2 (or separate Rule 26(f) reports "substantially" like the form in the Court's Local Rule 16.3, if, upon confronting the issues requiring clarification, they find new areas of disagreement).  If counsel for the respective parties determines that they, not their clients, bear responsibility for the conflicting provisions in the Joint Rule 26(f) Report filed in this case, counsel should consider whether they should bill their clients for the time required to comply with this order.

For all the foregoing reasons,

**IT IS THEREFORE ORDERED** that, by March 25, 2010, Technology Commercialization Group, LLC, and Analyticon Biotechnologies, AG, shall file either an Amended Joint Rule 26(f) Report or separate Rule 26(f) Reports that reconcile the conflicting provisions contained in the Joint Rule 26(f) Report (Docket Entry 11) filed on March 16, 2010, and that "substantially" follow the forms set out in this Court's Local Rules 16.2 and 16.3.

                              /s/ L. Patrick Auld
                                **L. Patrick Auld**
                        **United States Magistrate Judge**
March 18, 2010